**JENKINS v. WAINWRIGHT, Secretary, Department of Offender Rehabilitation.**
No. 76-372.

Circuit Court, Bradford County.

December 29, 1976 and January 4, 1977.

Michael C. Thornhill, Prison Project, Florida Legal Services, Inc., Gainesville ,for the petitioner.

A. S. Johnston, Assistant Attorney General, Tallahassee, for the respondent.

ELZIE S. SANDERS, Acting Circuit Judge.

*Order granting petition for writ of habeas corpus, December 29, 1976:* This cause came on for hearing pursuant to the application for a writ of habeas corpus and respondent's return to order to show cause. The question before this court under petitioner's application for a writ of habeas corpus is whether petitioner should receive credit on his Florida sentences for time between June 6, 1972 and March 11, 1976. This was the interval when petitioner was taken by the sheriff of Polk County and transported to the state of Kentucky where he was redelivered to the authorities of Kentucky, and his redelivery to the state of Florida. Petitioner's contention is that the Florida sentences ran continuously from June 2, 1972 to the present date and thereby would entitle him to be released.

The respondent and petitioner agree that petitioner while in custody of the state of Kentucky was returned to the state of Florida pursuant to an executive agreement as authorized by Section 941.05, Florida Statutes, which required that he be returned to the state of Kentucky as soon as his prosecution in Florida was terminated. This did in fact occur and he was returned to the state of Kentucky on June 6, 1972. It is the contention of the petitioner that his Florida sentences began to run June 2, 1972 because the commitment orders did not suspend or stay the execution of his sentences. Respondent, however, contends that although the commitment order did not suspend or stay execution, the executive agreement and the procedure under Section 941.05, Florida Statutes, necessarily require that the commitment in

execution of petitioner's Florida sentences began March 11, 1971, when petitioner was returned to Florida for execution of sentence.

The query before this question can be answered is, "When does the commitment in execution of a prisoner's sentence commence when the prisoner is in Florida pursuant to an executive agreement under Section 941.05, Florida Statutes, and the commitment order of the trial court does not stay or suspend the execution of sentence until the completion of the sentence in the other jurisdiction?"

A person has the right to pay his debt to society by one continuous period of imprisonment and he cannot be compelled to serve it in installments. The Florida Supreme Court ruled that the state cannot stay the running of a sentence prior to its expiration, once it begins, without the convict's consent. Therefore, one has to decide when the sentence in this case began to run. In review of the sentence and commitment order of the Honorable Thomas M. Langston, it is obvious that the command to the sheriff of Polk County was "to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant into the custody of the Division of Corrections of the State of Florida, . . ." There is nothing in the record to refute that the trial judge was knowledgeable as to the executive agreement and decided against any stay or suspension of the Florida sentence and in fact ruled that the sentence should be served concurrent with the sentence of any other jurisdiction.

Therefore, this court finds that the petitioner's Florida sentence of June 2, 1972 commenced on June 2, 1972 under the order of commitment issued by the Honorable Thomas M. Langston, in Cases 70-6009, 70-6010 and 71-1690 and said sentences ran continuously from June 2, 1972 to the present date.

It is thereupon ordered and adjudged that the petition for writ of habeas corpus be and is hereby granted and said petitioner is entitled to be released from imprisonment pursuant to the sentences in Cases 70-6009, 70-6010 and 71-1690; and this is to command you, the said State of Florida Department of Offender Rehabilitation, by and through your Secretary, Louie L. Wainwright, to release and discharge the said Melvin Jenkins, Inmate Number 052723.

It is further ordered and adjudged that the terms and command of this order shall be stayed until January 10, 1977 at 5 p. m., however, the petitioner may be heard as to a motion to set bond on the 4th day of January, 1977 at 11 a. m.

*Amended order granting petition for writ of habeas corpus, January 4, 1977.* This cause came on for consideration on this date and Michael C. Thornhill, attorney for petitioner, and A. S. Johnston, Assistant Attorney General, attorney for respondent, have conferred with this court concerning the stay provision of the order entered December 29, 1976. The respondent, Louie L. Wainwright, Secretary, Department of Offender Rehabilitation, through counsel having represented to this court that the ruling in this cause will not be the subject of an appeal and there being no reason why the stay as previously required should continue, and the court being fully advised in the premises, it is thereupon ordered and adjudged as follows —

1. The order granting petition for writ of habeas corpus is amended to read: the order shall be stayed until January 4, 1977. All terms and commands as set forth in the order dated December 29, 1976 shall be in full force and effect as of the execution of this order.

2. The Secretary of the Department of Offender Rehabilitation or his authorized agent is directed to release and discharge Melvin Jenkins, Inmate Number 052723, from the imprisonment which he is serving on his conviction in Cases 70-6009, 70-6010 and 71-1690 as per the order of this court dated December 29, 1976.

3. The sheriff of Bradford County, Florida, Dolph E. Reddish, or his duly authorized deputy, is directed to arrest Melvin Jenkins pursuant to a detainer placed with the state of Florida by the state of Kentucky and to hold him until he is brought before this court to be dealt with according to law.